UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 1:19CV47-PPS/JPK ) |
| LOW BOB'S LIGONIER and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before me is the motion of plaintiffs RooR International BV and Sream, Inc. for default judgment against defendant Low Bob's Ligonier. The claims against defendant John Doe have been dismissed without prejudice for lack of timely service. [DE 9.] Default was entered against defendant Low Bob's Ligonier on November 12, 2019. [DE 20.]

My order of November 19 required that a motion for default judgment "provide a legal analysis addressing why and how the well-pled facts deemed admitted by the default are sufficient to support relief on one or more of the legal theories pled in the complaint, specifically identifying the count or counts on which default judgment is sought." [DE 21 at 2.] Plaintiffs have filed a motion for default judgment with those requirements in mind, and have offered an analysis sufficiently detailed to support the request for judgment in plaintiffs' favor "on all claims," as sought in the proposed order and judgment. [DE 22-4 at 2.] Plaintiffs' analysis is adequate to support default

judgment on Count One of the complaint, for trademark infringement in violation of 15 U.S.C. §1114 and the use of "counterfeit" marks as defined in §1116(d)(1)(B), on Count Two, also for trademark counterfeiting under §1116(d), and on Count Three for false designation of origin under §1125(a).  The motion sets forth the standards of each claim and addresses how the facts established by the default support liability.  [DE 22 at 5-8.]

The November 19 order also required a motion for default judgment to "separately address the relief requested, and demonstrate [plaintiffs'] entitlement to the particular amount of damages and any other relief proposed." [DE 21 at 2.]  The pending motion's treatment of plaintiffs' request for statutory damages and the costs of suit is sufficient, but the motion fails to address the authority for and appropriateness of the proposed injunctive relief.  Nonetheless, the proposed injunction against future infringement of the subject RooR marks is relatively straightforward and will be granted.  The proposal for an order for delivery of products and other materials to be destroyed, pursuant to 15 U.S.C. §1118, is a horse of a different color.  That more unusual relief would require justification that is absent from the motion before me.  One glaring issue that warranted discussion is the scope of the proposed judgment requiring delivery of "all products [and] accessories," two categories of items omitted from the statutory list of materials subject to destruction.  In any event, the continued offer for sale or promotion of infringing product would violate the injunctive relief that is being granted.  The default judgment granted will not contain a provision for destruction of infringing articles pursuant to §1118.

ACCORDINGLY:

The motion for default judgment against defendant Low Bob's Ligonier [DE 22] is GRANTED to the extent indicated in the default judgment entered separately this day. In all other respects, the motion is DENIED.

SO ORDERED.

ENTERED: January 7, 2020.

      /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE